IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | 1:07-cr-429 |
|---|---|---|
| v. | : | |
| | : | Hon. John E. Jones III |
| DANIEL RODRIGUEZ; | : | |
| JULIO RIVERA-LOPEZ; | : | |
| KRISTIAN TORRES; | : | |
| Defendants. | : | |

# **MEMORANDUM**

**April 11, 2018**

Before the Court are the 28 U.S.C. § 2255 motions to vacate conviction and sentence of Defendants Daniel Rodriguez, Kristian Torres, and Julio Rivera-Lopez (hereinafter collectively referred to as "Defendants"). (Docs. 174, 175, 178). The Defendants' motions were filed following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. The disposition of the pending motions was temporarily stayed by our Orders of August 24, 2016 (Docs. 188, 189, 190), pending the United States Court of Appeals for the Third Circuit's decision in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), *cert. denied*, 138 S. Ct. 215 (2017), which, for the reasons described in this Memorandum, was essential guidance to our determination

herein.[1]  Following the *Robinson* decision, the government filed briefs in opposition and Defendants filed replies.  The motions were again stayed pending the United States Supreme Court's consideration of petitions for writ of certiorari in *Robinson* as well as *United States v. Galati*, 844 F.3d 152 (3d Cir. 2016), *cert. denied*, 199 L. Ed. 2d 541 (U.S. 2018).  The Supreme Court denied the petition for writ of certiorari in *Robinson* on October 2, 2017, and in *Galati* on January 8, 2018.  Thus, the motions, which have been fully briefed by the parties, are ripe for our review and disposition.  For the reasons that follow, the motions shall be denied.

## I. DISCUSSION

Defendants in this criminal prosecution each pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of conspiracy to possess a firearm in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(o).[2]

In the instant § 2255 motions, Defendants argue that their sentences must be corrected in light of the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2251 (2015).  Defendants argue that conspiracy to commit Hobbs

---

[1] In *Robinson*, the Third Circuit affirmed the petitioner's contemporaneous convictions of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c), and Hobbs Act robbery under 18 U.S.C. § 1951(a).

[2] Under 18 U.S.C. § 924(o), a defendant faces criminal penalties if he or she conspires to commit an offense under § 924(c).

2

Act robbery no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c)[3] because (1) conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause and (2) § 924(c)'s residual clause is void for vagueness in light of *Johnson*. We address each argument in turn.

**A. Force Clause**

Defendants argue, and we agree, that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the force clause.[4] When a § 924(c) offense and its predicate offense occur contemporaneously, we examine the offenses together to determine whether the predicate offense qualifies as a crime of violence. *Robinson*, 844 F.3d at 143.[5] The question is thus whether a conspiracy to commit Hobbs Act robbery and to possess a firearm in furtherance thereof "has an element the use, attempted use, or threatened use of physical force against the person or property of another."

---

[3] Under § 924(c), a defendant faces criminal penalties if he or she uses a firearm during a "crime of violence." An offense qualifies as a crime of violence under that section if it is "a felony" that (1) has as an element the use, attempted use, or threatened use of physical force against the person or property of another ("force clause"), or (2) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ("residual clause"). *See* 18 U.S.C. § 924(c)(3).

[4] We note that the Government does not argue that conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under the force clause.

[5] Defendants maintain that the categorical approach should guide our analysis of whether Hobbs Act conspiracy is a crime of violence under the force clause. Application of the categorical approach is unnecessary when, as here, a § 924(c) offense and the predicate offense are contemporaneous. *See Robinson*, 844 F.3d at 143. We therefore decline to apply the categorical approach.

We cannot find that conspiracy to commit Hobbs Act robbery while possessing a firearm qualifies as a crime of violence under the force clause. The elements of a conspiracy charge are: "(1) 'a unity of purpose between the alleged conspirators;' (2) 'an intent to achieve a common goal;' and (3) 'an agreement to work together toward that goal.'" *United States v. Pressler*, 256 F.3d 144, 149 (3d Cir. 2001) (quoting *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999)). The Third Circuit has recognized that the agreement is "the essence" of a conspiracy offense." *Id.* at 147.

To be clear, conviction for Hobbs Act conspiracy does not require proof of an overt act. *United States v. Salahuddin*, 765 F.3d 329, 339-40 (3d Cir. 2014). Thus, a defendant may be convicted for merely agreeing to commit the robbery. Accordingly, we find that agreeing to commit a robbery and to possess a firearm in furtherance of the robbery does not involve the use, attempted use, or threatened use of physical force.[6]

---

[6] We acknowledge that, in a non-precedential opinion, the Third Circuit suggested that Hobbs Act conspiracy may qualify as a crime of violence under the force clause. *United States v. McLean* 702 F. App'x 81, 89 n.17 (3d Cir. 2017) (finding that conspiring to commit a robbery through actual or threatened use of force qualifies as a crime of violence under the force clause).. Notably, the defendant in *McLean* was convicted of both conspiracy and attempt to commit Hobbs Act robbery. An attempt to commit Hobbs Act robbery may indeed involve the "attempted use" of physical force. Further, the weight of recent district court authority holds that conspiracy to commit Hobbs Act robbery is not a crime of violence under the force clause. *See, e.g.*, *United States v. Pullia*, No. 16-CR-06450-HDL, 2017 WL 5171218, at *4 (N.D. Ill. Nov. 8, 2017); *Hargrove v. United States*, No. 01-CR-00101-JHL, 2017 WL 4150718, at *3 (N.D. Ill. Sept. 19, 2017); *United States v. Bonaparte*, No. 12-CR-00132-JAD, 2017 WL 3159984, at *5 (D. Nev. July 25, 2017); *Enix v. United States*, No. 8:13-cr-122-T-24AEP, 2017 WL 680455, at *2 (M.D. Fla. Feb 21, 2017); *United States v. Hernandez*, 228 F. Supp. 3d 128, 138 (D. Me.

**B. Residual Clause**

Defendants next argue that conspiracy to commit Hobbs Act robbery is no longer a crime of violence under § 924(c) because, under *Johnson*, the residual clause is unconstitutionally vague. As noted above, in *Johnson*, the Supreme Court declared ACCA's residual clause, as set forth in 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. Specifically, that residual clause defined "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Defendants maintain that the categorical approach should guide our analysis of whether conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under the residual clause. Under the categorical approach, a court examines a predicate offense "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008). The Court in *Johnson* found that applying the categorical approach to determine whether ACCA's residual clause extended to a particular offense required courts "to picture the kind of conduct that the crime involves in '*the ordinary case*,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Johnson*, 135 S. Ct. at 2557 (emphasis added). The Court concluded that using a

---

2017); *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1050-51 (N.D. Cal. 2016); *United States v. Edmondson*, 153 F. Supp. 3d 857, 861 (D. Md. 2015).

"judicially imagined" ordinary-case approach to estimate the risk posed by a particular offense produced more uncertainty than is constitutionally permissible. *Id.*

We recognize that § 924(c)'s residual clause requires some application of the ordinary-case analysis that contributed to the vagueness of ACCA's residual clause. However, we find that the uncertainty that plagued ACCA is not present when, as here, the § 924(c) offense and the predicate offense occur contemporaneously.[7] Under ACCA, courts examine "previous convictions" to apply a sentencing enhancement to defendants who *later* possesses a firearm in violation of 18 U.S.C. § 922(g). *See* 18 U.S.C. § 924(e). ACCA thus requires courts to make decisions about past convictions by looking exclusively at the elements of the offense that gave rise to the conviction. On the other hand, § 924(c) creates a new and distinct offense for a person who, "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm." A court's analysis of a predicate offense is not strictly limited to the elements when the predicate conviction and the § 924(c) conviction occur contemporaneous because the § 924(c) conviction sheds light on

---

[7] While the Third Circuit has not yet spoken to the constitutionality of § 924(c)'s residual clause, we find the court's decision in *Robinson* to be instructive. In *Robinson*, the Third Circuit found that application of the categorical approach is unnecessary when, as here, a § 924(c) offense and the predicate offense are contemporaneous. *Robinson*, 844 F.3d at 143.

how the predicate offense was committed. *Robinson*, 844 F.3d at 143.[8] We must therefore determine whether the contemporaneous convictions, read together, support the determination that Hobbs Act conpiracy "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In the instant prosecutions, Defendants pleaded guilty to conspiracy to possess a firearm in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(o), and to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). We find that these convictions, read together, support the determination that the Defendants' Hobbs Act robbery conspiracy "by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See United States v. Taylor*, 176 F.3d 331, 338 (6th Cir. 1999) ("[A] conspiracy to commit a robbery that violates the Hobbs Act is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be used against the person or property of another, and therefore is a crime of violence within the meaning of section 924(c)."); *United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992) ("[W]hen a conspiracy exists to

---

[8] We recognize that the Third Circuit recently struck down as unconstitutionally vague a statute that contains nearly identical language to § 924(c)'s residual clause. *See Baptiste v. Attorney Gen.*, 841 F.3d 601, 621 (3d Cir. 2016) (finding 18 U.S.C. § 16(b) to be unconstitutionally vague). That statute, however, required courts to apply the categorical approach because, like ACCA, it required courts to assess *prior* criminal convictions to determine whether those convictions qualified at crimes of violence.

commit a crime of violence,. . . the conspiracy itself poses a substantial risk of violence, which qualifies it under Section 924(c)(1) and [the residual clause] as a crime of violence.").

To be sure, Defendants have each admitted their guilt to conspiracy to possess a firearm in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(o), and to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and that the crimes were committed contemporaneously. On these facts, we find that the crime of conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under the residual clause of §924(c). Accordingly, the Defendants' motions will be denied.

An appropriate Order shall issue.